5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gail Annette VOIGT, Petitioner-Appellant,
v.
Samuel LEWIS, Director, Arizona Department of Corrections,
et al., Respondents-Appellees.
 No. 92-17051.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1993.
Decided Aug. 31, 1993.
 
 1
 Appeal from the United States District Court District of Arizona; No. CV-92-008-TUC-JMR, John M. Roll, District Judge, Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: HUG and LEAVY, Circuit Judges and REAL,* Chief District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Defendant GAIL VOIGT (VOIGT) appeals the denial by the district court of her Petition for Writ of Habeas Corpus. We review that denial de novo and affirm.
 
 
 7
 VOIGT was convicted in the Superior Court in Pima County, Arizona of numerous offenses in violation of the Arizona Dangerous Crimes Against Children statute arising out of acts with her 13 year old daughter and 11 year old son.
 
 
 8
 The defense put forth by VOIGT at trial was that she was insane at the time of the offenses charged. The trial judge together with both counsel mistakenly believed that the proper instruction for the insanity defense in Arizona was that the prosecution has the burden to prove beyond a reasonable doubt that VOIGT was sane at the time of the offenses. The jury was so instructed. During deliberations the judge realized the mistake. The law in Arizona on insanity at the time of the trial was that the burden was on the defendant to prove by clear and convincing evidence that she was insane. The trial judge after conference with counsel then instructed the jury on the correct burden in insanity cases under Arizona law.
 
 
 9
 VOIGT argues that she was prejudiced because everyone in the courtroom, prosecutor, defense counsel and the judge proceeded through the trial and the arguments under the erroneous impression that the burden was on the prosecutor. VOIGT now asks in this court for the grant of a new trial. During the conference with counsel at trial on the defendant's burden counsel for VOIGT was given three opportunities to move for a mistrial. He refused to do so. He did request that the judge explain the clear and convincing instruction. The judge refused to do that. The failure of the trial judge to explain the meaning of "clear and convincing" is not error. Any attempt to go beyond the statement of "clear and convincing" is in most instances doomed to failure.
 
 
 10
 Reading the record and hearing the arguments of counsel the court is left with the thought that counsel for the defendant, in his failure to accept the three invitations by the trial judge to move for a mistrial, and the failure to request further argument on the new instruction given by the trial judge, made the tactical decision to forego the mistrial and any further argument in the hope of achieving a favorable verdict as the case then stood.
 
 
 11
 The judgment is affirmed.
 
 
 
 *
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3